UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JUSTIN MEADE,

      Plaintiff,                           Hon. Paul L. Maloney

v.                                  Case No. 1:21-cv-0006-PLM

KENNETH J. BOONE, and
BRANDON CHARLES CARR,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on repeated show-cause orders regarding Defendants Boone and Carr's continued contumacious conduct. (ECF No. 48, 53). For the following reasons, the undersigned judicial officer recommends that the Court enter a default judgment against both Defendants.

### Certified Facts and Procedural History

On January 5, 2021, Plaintiff filed a complaint against Defendant Kenneth J. Boone and several business entities associated with Boone under the Fair Debt Collection Practices Act (FDCPA) and the Driver's Privacy Protection Act of 1994 (DPPA), as well as comparable state statutes. (ECF No. 1). Boone was served with the complaint on January 18, 2021. (ECF No. 5).

Plaintiff filed an amended complaint on February 2, 2021, adding Brandon Charles Carr as a defendant, along with others.  (ECF No. 6).  Boone and Carr were served with the amended complaint on February 2 and February 4, 2021, respectively.  (ECF No. 8, 16).

Boone filed motions on behalf of all the defendants to extend the time for answering the amended complaint.  (ECF No. 10, 11).  On February 12, 2021, the Court granted the motions with respect to Boone alone, noting that he was not an attorney and could not represent any of the other defendants.  (ECF No. 14).  The Court also ordered that, within 28 days of the date of that order, all defendants answer the complaint and that the corporate defendants secure counsel and make an appearance through counsel.  (*Id.* at PageID.150).  The Court warned the defendants that failure to timely plead or otherwise defend risked entry of default pursuant to Federal Rule of Civil Procedure 55(a).  (*Id.*).[1]

On March 18, 2021, Carr filed an answer to the amended complaint.  (ECF No. 20).  Carr denied that he ever "personally contact[ed] Justin Meade," that he acted as part of the collection efforts of Boone & Associates, that he received any monetary value from Plaintiff, and that he received any monetary value from Boone & Associates in regards to this case.  (*Id.* at PageID.161).  Carr also noted that "[t]his lawsuit should be directed to the other names listed in the lawsuit as [he has] had no personal ties with this suit."  (*Id.*).  Carr attached to this answer purported answers

---

[1] At this time, all the defendants, other than Kenneth Boone and Brandon Carr, have either been defaulted or dismissed.  (ECF No. 18, 25, 26, 30).

to the amended complaint on behalf of two corporate entities.  (ECF No. 20-1, 20-2).
The Court struck the corporate answers (ECF No. 20-1, 20-2) on April 9, 2021, noting
that Carr, a non-attorney, could not appear on behalf of corporate entities.  (ECF
No. 27).

On April 1, 2021, Boone filed a motion seeking to have himself and other
defendants "removed" from the case.  (ECF No. 24).  In the motion, Boone referenced
a "Kenneth J. Boone," a "Kenneth J. Boone Sr.," and a "Kenneth J. Boone II," and
referred to each as "natural flesh and blood being[s]."  (*Id.* at PageID.230).  On June 1,
2021, the Court, noting the potential confusion over the identity of the proper
defendant, ordered Plaintiff to respond to the motion by June 17, 2021.  (ECF No. 31).
Plaintiff timely filed the response, identifying Kenneth J. Boone Sr. as the proper
defendant.  (ECF No. 32).  On June 21, 2021, the Court treated Kenneth J. Boone
Sr.'s motion to be "removed" as a motion to dismiss under Rule 12(b)(6), and it denied
the motion.  (ECF No. 35).  The Court ordered Boone to file an answer to the amended
complaint within 28 days.  (*Id.* at PageID.329).  Boone filed what was docketed as his
answer on July 19, 2021.  (ECF No. 36).

In fact, however, the filing was a copy of previously-filed documents: Plaintiff's
response to Boone's motion to be "removed" (ECF No. 32) and the Court's June 21
order denying Boone's motion (ECF No. 35).  (*See* ECF No. 36).  Boone included the
following signed handwritten notes on these documents:  "I do not accept this offer to
contract and I don't/do not consent to these proceedings."  (*Id.* at PageID.331, 332).
Boone's filing included a "Certificate of Designation," a fee schedule, a "Public Notice

of reservation of rights and amendment," and a "Business Certificate." (*Id.* at PageID.360-71). Boone also filed an "Affidavit of Rebuttal and Remedy" in which Boone purportedly named the Honorable Paul L. Maloney as his "trustee" and in which Boone "inform[ed] the Court of [his] 'rejection' of [this case]." (ECF No. 36-1). Boone also included a largely nonsensical statement concerning his true identity and nature. (*Id.* at PageID.372-73).

On July 28, 2021, the Court issued an order setting a Rule 16 scheduling conference for August 17, 2021, to be conducted by video. (ECF No. 37). The Court also ordered the parties to meet and confer regarding the case and to file a joint status report by August 12, 2021. (*Id.* at 376). The Court provided all the parties a restricted access notice with information needed to participate in the August 17 conference by video. (ECF No. 38) (restricted access). On August 13, 2021, Plaintiff filed a motion to extend the time for filing the joint status report. (ECF No. 39). The Court granted the motion, adjourning the video Rule 16 scheduling conference to September 9 at 2:00 p.m., and extending the deadline for filing the joint status report to September 3. (Amended Order, ECF No. 43).

The undersigned's judicial staff left voicemails for both Boone and Carr, advising each regarding the rescheduled Rule 16 conference. The staff also mailed copies of the order rescheduling the Rule 16 conference to both Boone and Carr at their respective addresses of record.

On August 16, 2021, Boone filed a copy of the restricted access notice regarding the videoconference (ECF No. 38) with the following notations, dated August 9:  "1 – I do not consent to these proceedings.  2 – Your offer is not accepted.  3 – I do not consent to being surety for this case and these proceedings.  4 – I demand the bond be immediately brought forward so I can see who will indemnify me if I am damaged."  (ECF No. 44).  Boone also attached the same "Affidavit of Rebuttal and Remedy" he previously filed.  (*Id.* at PageID.390-91).

On September 2, 2021, Plaintiff filed the joint status report.  (ECF No. 45).  The filing noted that a draft of the report had been sent to both Boone and Carr on August 11, 2021, along with a cover letter seeking their respective input to the report.  (*Id.* at PageID.393).  Neither defendant responded.  (*See id.*).

On September 7, 2021, Boone filed a copy of the draft report and the cover letter Plaintiff had sent him, making the same handwritten notations included in his August 16 filing.  (ECF No. 46).  Boone attached previously filed documents with the same handwritten notes.  (ECF No. 46-1).

The Court conducted the Rule 16 conference on September 9 as scheduled.  (Minutes, ECF No. 47).  Plaintiff appeared through counsel, but neither Boone nor Carr appeared.  (*Id.*).  Accordingly, the Court issued an order on September 13 requiring Boone and Carr to appear by video at a September 27 hearing to show cause why they should not be held in contempt or otherwise sanctioned for their failure to appear at the September 9 Rule 16 conference.  (ECF No. 48).  The order specifically warned both defendants that "**failure . . . to appear, or to comply with future**

**orders of the Court, may result in additional sanctions up to and including the entry of a default judgment against each of them.**" (*Id.* at PageID.420) (emphasis in original). The Court ordered Plaintiff's counsel to serve a copy of the show-cause order on both defendants and to file a proof of service with the Court. (*Id.* at PageID.421). Plaintiff served the show-cause order on both Boone and Carr by first-class mail on September 13, 2021. (Proof of Service, ECF No. 49). Also on September 13, the Court provided all the parties, including Boone and Carr, with the information needed to participate in the September 27 videoconference. (ECF No. 50) (restricted access).

On September 17, 2021, Boone filed copies of previously-filed documents. (ECF No. 51). These documents bear the same handwritten notes he included with his August 16 filing. (*Id.* at PageID.425, 428, 431).

On September 27, 2021, the Court conducted the show-cause hearing. (Minutes, ECF No. 52). Plaintiff appeared through counsel in person and Boone appeared on his own behalf by video; Carr failed to appear. Boone refused to cooperate with the Court, even to the point of refusing to provide his correct name for the record; instead raising copies of his previously-filed documents bearing his handwritten notes. The Court warned Boone that his misconduct would result in an additional show-cause order and his personal appearance in Court, to no avail. Accordingly, the Court terminated the hearing after five minutes.

On that same date, the Court issued a second show-cause order.  (ECF No. 53).

Boone and Carr were ordered to appear in person for an October 19, 2021, hearing to

show cause as to why they should not be held in contempt or otherwise sanctioned for

their failures to appear and to comply with Court orders.  (*Id.* at PageID.441).  Both

defendants were warned "that either's failure to appear and to cooperate with the

Court's proceedings will result in a recommendation that an entry of default

judgment be entered against him."  (*Id.*).  Plaintiff's counsel served both defendants

by first-class mail with the show-cause order.  (Proof of Service, ECF No. 54).  The

Court also mailed a copy of the show-cause order to each defendant.

On October 8, 2021, Boone returned the show-cause order the Court mailed to

him, along with the envelop in which it was mailed.  (ECF No. 55).  The envelope bore

the following handwritten note:  "Return to sender, recipient does not domicile or

receive mail at this address.   Effective 9/26/2021."   (*Id.* at PageID.443).   On

October 18, Boone filed an "Affidavit of Acceptance, Rebuttal, and Remedy.  (ECF

No. 57).   In this document, Boone asserted that he is the administrator of the

KENNETH JAMES BOONE Trust, and he claimed to have suffered damage as a

result of stress caused by this case.  (*Id.* at PageID.445).  He also provided his version

of his "special appearance" during the September 27 hearing, essentially

acknowledging that he failed to make a proper appearance at the hearing.  (*Id.*).

Boone also made a demand for compensation from the Court in the amount of

$100,000.00.  (*Id.* at PageID.446).  He closed this document with the following:

"Sincerely, kenny james of the boone family/clan and not Kenneth James Boone UCC

1-308 non-negotiable autograph, all rights reserved." (*Id.*).  Boone attached a copy of his birth certificate.  (*Id.* at PageID.450).

The Court conducted the show-cause hearing on October 19, 2021, as scheduled.  (Minutes, ECF No. 56).  Plaintiff appeared through counsel; neither Boone nor Carr appeared.  Moreover, neither defendant contacted the Court regarding his non-appearance.

### Discussion

It is settled law that federal courts have the inherent authority to punish those who violate court orders.  *See, e.g., Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 831 (1994).  "Courts independently must be vested with 'power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and . . . to preserve themselves and their officers from the approach and insults of pollution.' " *Id.* (quoting *Anderson v. Dunn,* 6 Wheat. 204, 227, 5 L. Ed. 242 (1821)).

There are a number of sanctions available to the Court for violations of its orders.  *See, e.g., Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir. 1990).  Rule 16 provides, in pertinent part, that the Court may, on  its own, "issue any just orders, including those authorized by Rule 37(b)(2)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P. 16(f)(1)(C).   Rule 37 provides for sanctions, including "rendering a default judgment against a disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(vi).

Default judgment is a sanction of last resort.  *Abbe*, 916 F.2d at 1073 (citing *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 153-54 (6th Cir. 1988)).  The Sixth Circuit has recently reiterated the four factors to consider in determining whether to impose a case-terminating sanction:  (1) "whether the disobedient party acted in willful bad faith"; (2) "whether the opposing party suffered prejudice"; (3) "whether less drastic sanctions were imposed or considered"; and (4) "whether the court warned the disobedient party that failure to cooperate could result in a default judgment." *KCI USA, Inc. v. Healthcare Essentials, Inc.*, 801 Fed. App'x 928, 934 (6th Cir. 2020); *see Abbe*, 916 F.2d at 1079 (same).  Default judgments are reviewable only for abuse of discretion.  *See KCI USA*, 801 Fed. App'x at 934;  *Regional Refuse Sys.*, 842 F.2d at 154 (citations omitted).

The undersigned recommends that the Court impose the sanction of default judgment against both Boone and Carr.  All four factors strongly militate in favor of rendering a default judgment in this case.

A.    There is Evidence of Willful Bad Faith

There is clear and convincing evidence of willful bad faith on the part of both Defendants.  As evident from a review of the certified facts outlined above, both Boone and Carr were properly served with the amended complaint (ECF No. 6), as well as the Court's orders regarding the filing of a joint status report and the scheduling of the September 9 Rule 16 videoconference (ECF No. 37, 43).  Both Defendants were served with the Court's show-cause orders of September 13 and September 27.

9

Carr utterly failed to comply with the Court's orders regarding the filing of a joint status report, and he failed to appear on September 9, September 27, and October 19, as ordered by the Court.  His bad faith is further demonstrated by the statements in his answer, which indicate that he has no intention of participating in this lawsuit.  (*See* ECF No. 20, PageID.161 (stating that "[t]his lawsuit should be directed to the other names listed in the lawsuit").

Boone has also failed to comply with any of the Court's orders, and he has failed twice to appear as ordered: on September 9 and October 19.  When he did appear, on September 27, he refused to cooperate with the Court, refusing even to provide his proper name.  Instead, as he has acknowledged, he continued to make nonsensical statements regarding his identity and his legal status.  (*See* Boone Affidavit, ECF No. 57).  His refusal to comply with instructions from the Court and his obstructive conduct led to his microphone being cut off.  (*See id.*).  Boone has also filed numerous documents demonstrating an unwillingness to participate in this litigation.

B.      Plaintiff Has Suffered Prejudice

Plaintiff has unquestionably suffered prejudice by Defendants' contumacious conduct.  Plaintiff has a right to the "just, speedy, and inexpensive" adjudication of this case.  Fed. R. Civ. P. 1.  The record demonstrates that the proceedings in this case have been anything but just, speedy, and inexpensive.  Defendants bear sole responsibility for this.

This case has been pending some ten months. Defendants' refusal to participate in the proceedings have prevented this case from moving forward. This case is no closer to resolution than it was when the amended complaint was filed on February 2, 2021. Defendants' refusal to appear in Court effectively prevents the Court from constructively engaging the parties and addressing the issues.

C.    The Court Has Considered Intermediate Sanctions and Has Warned of the Potential Default Judgment.

The Court has not issued intermediate sanctions because Defendants' refusal to appear and to participate in the litigation effectively precludes the use of such sanctions. The undersigned judicial officer has repeatedly warned both Boone and Carr that their continued refusal to comply with the Court's orders could result in a default judgment being entered against them. In the last show-cause order, the Court stated the following: "Defendants Boone and Carr are hereby warned that either's failure to appear [at the October 19 hearing] and to cooperate with the Court's proceedings *will result* in a recommendation that an entry of default judgment be entered against him." (ECF No. 53, PageID.441) (emphasis added). That explicit warning went unheeded.

## Conclusion

Having found repeated violations of this Court's orders, the undersigned judicial officer recommends that the Court render a default judgment against Defendants under Rule 37(b)(2)(A)(vi). Service of this Report and Recommendation, and the opportunity for filing objections to it, will provide one last opportunity for

Defendants Boone and Carr to demonstrate a willingness to comply with Court orders and to properly defend the claims brought against them.

Moreover, Rule 37 provides that, "[i]nstead of or in addition to" the sanctions recommended above, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis supplied). Accordingly, the undersigned recommends that the Court award Plaintiff's costs, pursuant to Rule 37(b)(2)(C), relating to Plaintiff counsel's appearance at the hearings on September 9, September 27, and October 19, 2021.

It is further recommended that the Court refer the determination of the amount of the Rule 37(b)(2)(C) costs to the undersigned.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 4, 2021                    /s/ Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge